MARY AND CATHARINE COSGROVE v. THE PROVIDENT
INSTITUTION FOR SAVINGS IN JERSEY CITY.

Argued June 8, 1899—Decided November 13, 1899.

1. Money was deposited in the savings institution subject to the following
by-law: "Deposits and dividends shall be drawn out only by the de-
positors in person or by their written order, or by some person legally
authorized, and only upon production of depositor's book, that such
payments may be entered therein, and all payments to persons who
present the deposit-book shall be valid payments to discharge the bank
and its officers." *Held*, that by the terms of this by-law only three
classes of persons could lawfully draw a depositor's money, and dis-
charge the bank from further liability—*first*, the depositor on pres-
entation of the book; *second*, a person presenting the book with the
written order of the depositor to draw the money; *third*, any person
lawfully authorized to receive the money on presentation of the book.
2. Payment to a stranger who presented the book without the knowledge
or authority of the depositor did not discharge the bank.

On error to the Hudson Circuit Court.

Before MAGIE, CHIEF JUSTICE, and Justices VAN SYCKEL,
GARRISON and LIPPINCOTT.

For the plaintiffs, *Linn & Speer.*

For the defendant, *Charles H. Hartshorne.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The plaintiffs recovered a judgment in
the court below for money deposited by them in the defend-
ant savings institution.   The defence was that the bank paid
the money due to plaintiffs to a woman who presented the
plaintiffs' bank-book, represented herself to be one of the
plaintiffs and demanded payment; that the bank officers used
due care to identify the payee and at the time of payment
believed her to be one of the payees.   She drew the money
without the knowledge of the payees and unlawfully appro-
priated it to her own use.

To support the defence the bank relies on a by-law which it had adopted, and which was printed in the bank-book given to the plaintiffs when they opened the account.

This is the by-law:

"Deposits and dividends shall be drawn out only by the depositors in person or by their written order, or by some person legally authorized, and only upon production of the depositor's book, that such payments may be entered therein, and all payments to persons who present the deposit-book shall be valid payments to discharge the bank and its officers."

In *Smith* v. *Brooklyn Savings Bank*, in the New York Court of Appeals, reported in 101 *N. Y.* 58, 60, the pass-book of the depositor contained the following printed by-law:

"All payments made by the bank upon the presentation of the pass-book and duly entered therein will be regarded as binding upon the depositor; money may also be drawn upon the written order of the depositor or his attorney when accompanied by the pass-book."

The New York court unanimously held, in an opinion delivered by Chief Justice Ruger, that the by-law contemplated but two modes of payment—one to the depositor personally, the other upon his written order—both requiring the presentation of the pass-book as the condition thereof; and that it did not authorize or protect the bank in a payment to a stranger whose only evidence of authority to receive it was the possession of the pass-book. The court distinguished the cases of *Schoenwald* v. *Metropolitan Savings Bank*, 57 *N. Y.* 418, and *Allen* v. *Williamsburgh Savings Bank*, 69 *Id.* 314, where the by-law clearly authorized payment to anyone who presented the book, requiring only due care on the part of the bank to prevent fraud.

In *Gulick* v. *Grover*, 4 *Vroom* 463, 470, the court said that "language, however general in its form, when used in connection with a particular subject-matter, will be presumed to be used in subordination to that matter, and therefore is to be construed and limited accordingly."

A like view was expressed in *Bartlett* v. *City of Trenton*,

9 *Vroom* 64, 68, as follows: " When the intention of the law-giver, which is to be sought after in the interpretation of a statute, is specifically declared in a prior section as to a particular matter, it must prevail over a subsequent clause in general terms, which might by construction conflict with it. The legislature must be presumed to have intended what it expressly stated, rather than what might be inferred from the use of general terms."

The rights of the litigants in the case under review are to be determined in accordance with these well-established rules for the construction of the language adopted by the parties in the by-law.

By the terms of the by-law three classes of persons may lawfully draw the money and discharge the bank from further liability—*first*, the depositor on presentation of the book; *second*, by a person presenting the book with the written order of the depositor to draw the money; *third*, by some person legally authorized to receive the money upon presentation of the book.

An executor or administrator of a deceased depositor is included in the third class.

- The last clause of the by-law, that " all payments to persons who present the deposit-book shall be valid payments to discharge the bank and its officers," means payments to such persons as are legally entitled to receive payment under the conditions previously specified in the by-law—that is, one of the three classes above named.

If payment to anyone who presented the bank-book was to be a good payment, the previous part of the by-law expressly stating upon what terms the bank may be discharged would be given no effect whatever.

The general language must be held to have been used in subordination, and subject to that part of the by-law expressly providing for payments which shall be a legal discharge to the bank.

The judgment below should be affirmed.