FANNY SCHOENWALD, Respondent, *v.* THE METROPOLITAN SAVINGS BANK, Appellant.

Where a savings bank, upon the receipt of a deposit, enters the same in and delivers to the depositor a pass-book which contains the rules and regulations of the bank, constituting the conditions upon which deposits are received, and, among others, that no depositor shall be paid without producing the pass-book, and that all payments made to the person producing the same shall be deemed good and valid payments to the depositor, the bank is authorized to pay, upon presentation of the book, without an order from the depositor; and where the bank is not chargeable with want of diligence or any omission of duty, such payment is valid and binding upon the depositor.

Accordingly *held*, where a pass-book with these conditions printed therein was presented, by one wrongfully in possession, with a forged order purporting to have been signed by the depositor, the amount of which was paid to the holder, and no want of proper care and diligence on the part of the bank having been shown, that the fact that the order was a forgery was immaterial; and that the payment was rightfully made and the bank entitled to a credit for the amount thereof.

(Argued January 15, 1874; decided May term, 1874.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of plaintiff entered upon a verdict, and affirming an order denying a motion for a new trial.

This action was brought to recover the balance of a deposit made by plaintiff with defendant.

On the 21st day of August, 1869, the plaintiff deposited

with defendant, $100. At the request of the officer of defendant she wrote her name in a book kept for the purpose at the bank, and wrote the same in German. She was given a pass-book, which she afterward took away, and in which was entered, in words and figures, in English, the amount of the deposit and the date of its reception. Upon pages of this pass-book, following the entry of the deposit, were printed certain rules, numbered from one to eighteen inclusive, and headed by the following words printed in capitals and larger type: "Rules from the charter and by-laws." The following are the eighth, eleventh and seventeenth of said rules:

"8. All deposits shall be entered in the book of the corporation and a pass-book shall be given to the depositor, in which the sum deposited by him shall be entered, and which shall be his voucher and the evidence of his property in the said institution."

"11. On making the first deposit the depositor shall be required to subscribe his or her assent to be governed by the regulations and by-laws of the institution."

"17. The secretary will use his best efforts to prevent frauds; but all payments made to persons presenting the deposit book shall be deemed good and valid payments to depositors respectively."

On the 27th of September, 1869, a man presented the book of the plaintiff to the paying teller of the defendant, and also an order purporting to have been made by the plaintiff. The man who presented this order, after indorsing the same as "John Brown," received the amount named and a return of the bank-book after the amount had been entered therein. The signature to the order was very much like the genuine signature of the plaintiff. Plaintiff stated, under oath, on its being presented to her, and she was asked if it was her signature: "I do not know if it is or not; that looks like my writing." She afterward stated that it was not her signature, because she never gave any one a paper like this.

After plaintiff received the bank-book she kept it in her trunk and, as she supposed, locked until October 19th, 1869,

when she took it to the bank and drew thirty-nine dollars. Defendant refused to pay this sixty dollars drawn as above stated.

Defendant's counsel moved to dismiss the complaint, which was denied and exceptions taken. He then requested the court to charge, among other things, that the defendant, under its contract with the plaintiff, had a right to presume that the person who presented the plaintiff's bank-book had a right to receive the money directed to be paid by the order ; that if the payment was made in good faith by the bank to a person presenting the bank-book of the plaintiff, the plaintiff was bound by such payment even though the order directing the payment was a forgery ; which being refused exception was taken. Exception was also taken to part of the judge's charge as follows : " That if the plaintiff did not sign the order, or subsequently ratify it, the bank would be liable."

The jury found a verdict for the amount of the forged check and interest.

*Geo. Putnam Smith* for the appellant. The rules printed in the pass-book given plaintiff by defendant formed part of the contract between the parties. (*Eaves* v. *People's Sav. Bk.*, 27 Conn., 229 ; *Heath* v. *Portsmouth Sav. Bk.*, 46 N. H., 78 ; *Sullivan* v. *Lewiston Sav. Bk.*, 56 Me., 507 ; *Wall* v. *Prov. Sav. Bk.*, 3 Al., 96.) Defendant having paid the money according to such rules, the payment was binding upon plaintiff. (*Wall* v. *Prov. Sav. Bk.*, 3 Al., 96 ; *Sullivan* v. *Lewiston Sav. Bk.*, 56 Me., 511 ; *Doubleday* v. *Kress*, 60 Barb., 181.) Defendant was not bound to prove that plaintiff had actual notice of the terms on which it received and would pay the money. (*Com. Bk. of Albany* v. *Hughes*, 17 Wend., 94 ; *L. and K. Bk.* v. *Page*, 9 Mass., 155 ; *Mill* v. *Bk. of U. S.*, 11 Wheat., 431, 438 ; *Raborg* v. *Bk. of Columbia*, 1 H. & G., 231 ; *Bk. of Columbia* v. *Fitzhugh*, id., 239 ; *Hays* v. *Bk. of the State*, 1 M. & Y., 179 ; *Smith* v. *Whiting*, 12 Mass., 5.) The burden of proof was on plaintiff to show the

invalidity of the contract with defendant. ( *White* v. *Franklin Bk.*, 22 Pick., 183 ; *Feeny* v. *People's Ins. Co.*, 2 Robt., 599 ; *Chat. Co. Bk.* v. *Risley*, 19 N. Y., 318 ; 25 Barb., 419 ; *F. L. and T. Co.* v. *Clowes*, 3 N. Y., 470 ; *Barry* v. *Mer. Ex. Co.*, 1 Sand. Ch., 288 ; *Orr* v. *Lacey*, 2 Doug., 230.)

*Horace Graves* for the respondent. Plaintiff should have been notified of the by-laws and her attention called to the regulations in the deposit-book. (*Kelly* v. *Im. Ind. Sav. Bk.*, 2 Daly, 227.) The bank cannot relieve itself of responsibility by the payment of a forged order. ( *Weisser* v. *Denison*, 10 N. Y., 68 ; *Leavitt* v. *Stetson*, H. & D. Supp., 413.) The failure of plaintiff to notify the bank of the forgery does not relieve it. ( *Weisser* v. *Denison*, 10 N. Y., 68 ; *Nat. Bk. of Comm.* v. *Gro. Nat. Bk.*, 35 How., 412.) The bank could not make by-laws prescribing conditions on which the deposit should be forfeited. (*M. and F. Bk.* v. *Smith*, 19 J. R., 115 ; *Seneca Bk.* v. *Lamb*, 26 Barb., 595 ; *Matter of L. I. R. R. Co.*, 19 Wend., 37 ; *Johnson* v. *A. and S. R. R. Co.*, 40 How., 193 ; *The M. S. Assn.* v. *Walsh*, 2 Daly, 1 ; *Kelly* v. *Im. Ind. Sav. Bk.*, id., 227.)

REYNOLDS, C. On the 21st of August, 1869, the plaintiff deposited with the defendant's bank $100, upon the conditions indicated by a pass-book, delivered to her when the deposit was made. The plaintiff was a German by birth, and, it is said, could not read the English language, in which the rules and regulations of the defendant's bank were printed. She, as appears to have been customary, when the deposit was made, gave the bank her signature and received the usual pass-book. Among the rules and regulations printed in the pass-book, and under which the deposit was made, it was declared that "no depositor shall be paid all or any part, either principal or interest, without producing the pass-book and having such payments entered therein."

It was further provided that, " all deposits shall be entered in the books of the corporation, and a pass-book shall be

given to the depositor, in which the sum deposited by him shall be entered, and which shall be his voucher and the evidence of his property in the institution."

It was further added that, "the secretary will use his best efforts to prevent fraud, but all payments made to persons producing the deposit book shall be deemed good and valid payments to depositors, respectively."

The question arose upon the validity of a payment of sixty dollars made by the bank on the 27th of September, 1869, to a person who appeared at the bank with the plaintiff's pass-book in his possession, with an order purporting to have been signed by the plaintiff, directing the payment of that amount; and this order was claimed to have been a forgery, and the transaction by which the sixty dollars was obtained a fraud upon the plaintiff; and so the jury have found upon instructions which we shall not find it necessary to consider.

The only question considered on the trial, or passed upon by the jury, was, whether the order upon which the sixty dollars was paid was or was not a forgery; and I think we are relieved from considering the question, argued at the bar, whether the plaintiff knew or was able to understand the conditions upon which the deposit of her money with the defendant was made. We must assume, as was assumed on the trial, that she did understand the nature and effect of her contract with the defendant; and being obliged by the verdict of the jury to regard the payment of the sixty dollars to have been made upon a forged order, we have only to consider the legal effect of the contract upon which the deposit was made in the particular aspect in which the case is presented upon the record.

According to the contract between the parties, it was agreed that the depositor should be paid no money, either principal or interest, without producing the pass-book and having the payments entered therein. It seems quite obvious that this was not only very reasonable, but entirely free from any legal objections. The bank ought not to be required to make payments save on the production of the pass-book, as

evidence of the right of a party to receive the money deposited. Without some such voucher it is difficult to see how any savings bank could protect itself from imposition; and it seems very clear that the party receiving the voucher should be charged with the duty of reasonable diligence, at least in its preservation. I do not discover that the bank can be properly charged with any want of diligence or any omission of duty in making the payment which provokes this controversy. It was made to a person having possession of the pass-book; and by the contract it was agreed that "all payments made to persons producing the deposit books shall be deemed good and valid payments to depositors, respectively." In addition, the party receiving the money, presented what purported to be the written order of the plaintiff; and I do not discover that there was anything in the nature of the transaction to indicate that the order was a forgery, as, upon somewhat questionable evidence, the jury have found.

If we are to pay any regard to the obligation of contracts, the bank should be discharged by the payment made upon the production of the pass-book and order. Such is the contract to which the plaintiff agreed, and she must be held to all the consequences. It was her misfortune that her pass-book was purloined, or her name forged to an order for the payment of money, if that be, as is found, the real fact. The defendant was charged with no duty in respect to the custody of the pass-book; nor do I see that it was at all material to the defendant whether the order was a forgery or not. The defendant was at liberty to pay the amount of the deposit to any person who presented the pass-book; no order of the depositor was required. A forged order while, ordinarily, of no legal effect, was at least equal to no order at all; so that, it appears to me, the bank had the right to make the payment it did, on the simple production of the pass-book.

The question whether the order was forged or not was wholly immaterial; and the judgment below should be

reversed and a new trial granted, with costs to abide the event.

All concur, except DWIGHT, C., not voting.

Judgment reversed.