JOHN W. SMITH, Appellant, *v.* THE BROOKLYN SAVINGS BANK, Respondent.

Possession by a stranger of the pass-book of a depositor in a savings bank constitutes no evidence of a right to draw money thereon; to make payments to one having no other evidence of authority than possession of the book a protection to the bank, it is necessary for it to show some special contract with the depositor authorizing such a mode of payment.

In a pass-book issued by defendant to a depositor was a printed by-law, a portion of which is as follows: "All payments made by the bank upon the presentation of the pass-book, and duly entered therein will be regarded as binding upon the depositor; money may also be drawn upon the written order of the depositor or his attorney when accompanied by the pass-book." *Held*, that the by-law contemplated but two modes of payment, one to the depositor personally, the other upon his written order, both requiring the presentation of the pass-book as the condition thereof; and that it did not authorize or protect the bank in a payment to a stranger whose only evidence of authority to receive it was the possession of the pass-book.

*Schoenwald v. Metropolitan Bank* (57 N. Y. 418), distinguished.

Also *held,* that it was error for the trial court to exclude evidence tending to show want of care and prudence on the part of the bank in making such payments.

(Argued December 3, 1885 ; decided December 22, 1885.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made September 12, 1883, which affirmed a judgment in favor of defendant, entered upon an order dismissing the complaint on trial.

This action was brought to recover the amount of various deposits made by plaintiff in defendant's bank, and entered in a pass-book delivered to him.

The defense was that the moneys deposited had been paid out by the bank on presentation of the pass-book to a third person whom the proof showed was a brother of plaintiff, who had no authority from plaintiff to draw the money, and who had unlawfully possessed himself of the pass-book.

Further material facts are stated in the opinion

*James Troy* for appellant. Payment by a savings bank, to a person presenting a pass-book, is good, if the officer have no notice of fraud, and in making such payment, exercise reasonable care and diligence. (*Hayden* v. *Brooklyn Savings Bk.,* 15 Abb. [N. S.] 297; *Appleby* v. *Erie Co. S. Bk.,* 62 N. Y. 12 ; *Allen* v. *Williamsburgh S. Bk.,* 69 id. 317.) Under the by-laws in evidence, the defendant had no right to pay over the money to any person, other than the depositor, without an order in writing. (*Walsh* v. *German Am. Bk.,* 73 N. Y. 424 ; *Frank* v. *Chemical Bk.,* 37 N. Y. Super. Ct, [J. & S.] 26 ; 13 Weekly Dig. 374.)

*Wm. S. Cogswell* for respondent. In the absence of any rules assented to by its customers, a savings bank is to be governed by the same legal principles which apply to other moneyed institutions. When it has prescribed rules, and its depositor has assented to them, they are the agreement, and each party must keep it, to preserve his rights against the other. (*Allen* v. *Williamsburgh Sav. Bk.,* 69 N. Y. 321; *Boone* v. *Citizens' Sav. Bk.,*

84 id. 87.)   The respondent had a right to make the payments on
the presentation of the pass-book, unless there was some sus-
picious circumstance, that notified it that the person presenting
it was not the depositor.  (*Shuenwald* v. *Met. Sav. Bk.*, 57 N.
Y. 418 ; *Boone* v. *Citizens' Sav. Bk.*, 84 id. 88.)  In paying
money upon the presentation of a deposit book, reasonable care
and diligence do not necessarily require the disbursing officer
of a savings bank to demand strict proof of the identity of a
depositor.  (56 Me. 507; 27 Conn. 229 ; 46 N. H. 78.)   There
is no proof of want of care in making the payments, and the
burden to show this is on the appellant.  (*Israel* v. *Bowery
Sav. Bk.*, 9 Daly, 507.)

RUGER, Ch. J.   The defendant, a savings bank, seeks to
justify the payment by it of a depositor's money, to a stranger
upon the ground that such payments were made to a person
having possession of the depositor's pass-book.   Such a pass-
book is not negotiable paper, and its possession constitutes
in itself no evidence of a right to draw money thereon.   It
merely imports a liability of the bank to the depositor for the
moneys deposited, and an agreement to repay them at such
time and in such manner as he shall direct.   This contract is
implied from the nature and objects of the transaction occur-
ring between the parties.  (*Crawford* v. *West Side Bank*, 100
N. Y. 51.)   The depositor may by special contract authorize
payments to be made in some other manner than by his direc-
tions, but, in order to make such payments a protection to the
bank, it is necessary for it to show some special agreement
with the customer, authorizing such a mode of payment.

The defendant in this case claims to have had such authority
by force of a by-law printed in the pass-book, delivered to the
plaintiff at the time of making his first deposit.  Assuming, for
the purpose of the argument, that the mere acceptance by the
depositor of a pass-book containing by-laws regulating the
manner of making deposits, and payments, constitutes a con-
tract between the parties, we will inquire into the meaning and
intent of the by-law referred to.  It reads as follows : " All

deposits and drafts must be entered in the pass-book at the time of the transaction, and all payments made by the bank, upon the presentation of the pass-book, and duly entered therein, will be regarded as binding upon the depositor. Money may also be drawn upon the written order of the depositor or his attorney when accompanied by the pass-book. No money shall be received, nor shall any money be paid out except by the teller at the bank in the presence of an officer or trustee. No money shall be withdrawn as a matter of right without three months' previous notice." We do not think this by-law supports the contention of the defendant.

It is argued by it that the phrase "all payments," as used therein, means any sum of money, delivered by it, to any person who may for the time being, have in his possession the pass-book, and it is only by assuming that such a delivery of money, is a payment upon that account, that any color of support is afforded to the argument. This may have been the understanding and intention of the bank in framing the by-law, but in order to make that, understanding obligatory upon the customer, it was also necessary that he should have a similar understanding, or that the law should have been expressed in language incapable of any other fair construction. We do not think that the word "payments," as used in it, can, according to the legal or common acceptation or meaning of the word, be construed to mean any sums which the bank might choose to disburse, regardless of the person to whom they were made. Payment by a debtor can be legally made only to the creditor or his authorized representative, and in order to constitute any other transaction a payment, it is essential to its validity, that it should be authorized by the person entitled to demand it.

The defendants have not here shown any such authority. An agreement that payments made in a particular manner shall be binding and conclusive upon the depositor does not tend to authorize a payment made to a stranger, or give any other signification to the word "payment" than it usually bears. The effect which, it is argued, should be given to the language used can be indulged in only by force of a contract with the

depositor; but it is here attempted to imply the contract from the mere use of the word " payments," etc. This is reasoning in a circle, and proves nothing.

Further examination of the provisions of the law confirms our views. It is quite improbable that so important a power should have been left to be inferred from loose and doubtful phraseology, if it had been originally intended to be conferred by the parties, and the plaintiff is entitled in this case to that construction of the by-law which makes it conform to the popular and ordinary signification of its language.

The by-law seems to contemplate but two modes of payment, both of which require the presentation of the pass-book as the condition thereof, one apparently authorizing a payment to the depositor personally, and the other, one which may be made in his absence. The one provides for the conclusive effect of payments made, and duly entered in the pass-book, and the other, for payments made in his absence to a third person, having possession of the pass-book. This provision requires the depositor's written order to accompany the pass-book.

The fair implication from this provision is, that no other payments to strangers are contemplated or authorized. *Expressio unius est exclusio alterius.* Any other construction of the by-law would render the clause referred to unmeaning and inoperative. If the bank were authorized to make payments to a stranger, having possession of the pass-book alone, the provision authorizing the bank also to make such payments to a stranger, not only having possession of the pass-book, but also of the depositor's written order, would be useless and unmeaning.

It is the duty of a court to give effect to all of the provisions and language used in framing a law, if it is susceptible of such a construction, and they are precluded from giving it such an effect as will render any of its clauses inoperative or ineffectual. Such a construction as we have indicated is the only one which gives a legitimate operation to the clause referring to a written order.

This case is not affected by the decisions in *Schoenwald* v.

*Metropolitan Bank* (57 N. Y. 418) and similar cases, where the language of the contract was substantially different. There the language of the by-law plainly implied and provided for payment, made to other persons than the depositor, and gave a signification to the word "payments" which included strangers having possession of the pass-book.

The conclusion reached by us, as to the authority conferred by this by-law upon the bank in making payments, renders it unnecessary to refer to the other questions in the case. It may not, however, be inappropriate to say that we are also of the opinion that, within the cases of *Boone* v. *Citizens' Savings Bank* (84 N. Y. 88) and *Allen* v. *Williamsburgh Savings Bank* (69 id. 321), the court below erred in refusing to submit the question to the jury as to whether, upon the evidence in the case, the defendant exercised reasonable care and prudence in making the alleged payments.

It follows of course from this, that the trial court also erred in excluding evidence tending to show the want of care and prudence on the part of the bank in disbursing the plaintiff's funds.

The judgments of the General and Trial Terms should be reversed, and a new trial ordered, with costs to abide the result.

All concur.

Judgment reversed.