MARY AND CATHERINE COSGROVE, DEFENDANTS IN ERROR, v. THE PROVIDENT INSTITUTION FOR SAVINGS IN JERSEY CITY, PLAINTIFF IN ERROR.

Argued March 14 and 15, 1900—Decided June 18, 1900.

A savings bank adopted and caused to be printed upon its deposit-books a by-law which provided that " deposits and dividends shall be drawn out only by the depositors in person or by their written order, or by some person legally authorized, and only upon production of the depositor's book, that such payments may be entered therein, and all payments to persons who present the deposit-book shall be valid payments to discharge the bank and its officers." *Held*—

1. That such by-law printed upon a pass-book given to a depositor and accepted by her became a part of the contract between her and the bank.

2. That by the true construction of such by-law, a payment made by the bank in good faith and in the exercise of due care, to any person who produces the pass-book, operates to discharge the bank, without regard to whether or not such person is entitled to draw the money.

On error to the Supreme Court. For opinion of the Supreme Court, see *ante p.* 39.

For the plaintiff in error, *Charles H. Hartshorne.*

For the defendant in error, *Linn & Speer.*

The opinion of the court was delivered by

GUMMERE, J. This writ of error is brought to review the judgment of the Supreme Court, affirming a judgment of the Hudson Circuit Court in favor of the plaintiffs, in an action brought by them to recover a balance alleged to be due upon their deposit account with the defendant savings institution.

The only question in dispute between the parties was as to the effect of a payment of $150, made to an unknown woman who presented the bank-book of the plaintiffs at the defendant's banking-house, and on the representation that she was

the plaintiff Mary Cosgrove, demanded payment of and received the sum mentioned.

It is admitted that she drew the money without the knowledge of the plaintiffs or either of them, and unlawfully appropriated it to her own use. It is also admitted that the defendant used reasonable care and diligence to identify the payee and that the money was paid to her in good faith, in the belief that she was in fact the person whom she represented herself to be. It is further admitted that at the time when the plaintiffs opened their account with the defendant company, one of its by-laws provided that "deposits and dividends shall be drawn out only by the depositors in person or by their written order, or by some person legally authorized, and only upon production of the depositor's book ; that such payments may be entered therein, and all payments to persons who present the deposit-book shall be valid payments to discharge the bank and its officers;" that such by-law was printed upon the deposit-book, which was given to the plaintiffs when they became depositors, and that it was in force at the time that the wrongful withdrawal of their funds occurred.

It being admitted that the contested payment was made by the bank in good faith and in the exercise of due care, the rights of the parties must depend upon the true construction of the by-law above quoted, for the plaintiffs, by accepting the deposit-book with this by-law printed upon it, had become chargeable with knowledge of its provision, and as they made no objection to such provisions, they are presumed to have assented to them, and the by-law therefore became a part of the contract between the parties. *Appleby* v. *Erie County Savings Bank,* 62 *N. Y.* 12 ; *Allen* v. *Williamsburgh Savings Bank,* 69 *Id.* 314 ; *Wilcox* v. *Onondaga County Savings Bank,* 40 *Hun* 297 ; *Goldrick* v. *Bristol County Savings Bank,* 123 *Mass.* 320 ; *Heath* v. *Portsmouth Savings Bank,* 46 *N. H.* 78 ; *Gifford* v. *Rutland Savings Bank,* 63 *Vt.* 108 ; *Eaves* v. *People's Savings Bank,* 27 *Conn.* 229 ; *Burrill* v. *Dollar Savings Bank,* 92 *Pa. St.* 134.

What, then, is the true construction of this by-law? The Supreme Court considered that, in its legal effect, it was like that which was construed by the Court of Appeals of New York in *Smith* v. *Brooklyn Savings Bank,* 101 *N. Y.* 58, 60, the language of which was " all payments made by the bank upon the presentation of the pass-book and duly entered therein, will be regarded as binding upon the depositor; money may also be-drawn upon the written order of the depositor or his attorney, when accompanied by the pass-book." In the cited case it was determined that the bank was not protected by this by-law in making a payment under the conditions existing in the present case. The decision turned upon the construction to be given to the first clause of the by-law, viz., " all payments made by the bank upon the presentation of the pass-book and duly entered therein will be regarded as binding upon the depositors." The by-law being silent as to the person or persons to whom *payment* was to be made, the court construed the word " payment " to mean the turning over of money to a person entitled to receive it in discharge of an obligation of the payer.

It is unnecessary for us to determine whether we are prepared to follow the New York court in the construction put by it upon the by-law which was before it, for we disagree with the conclusion of our Supreme Court that, in its legal effect, it is like that now under consideration. On the contrary, the latter by-law differs vitally from the former in this respect, that it designates the persons to whom a payment made will discharge the bank. It says, " all payments to persons who present the deposit-book," &c. The proper construction of the word *payment,* when thus used, is not, as it seems to us, the technical one adopted in the case in 101 *N. Y.* 58; the sense in which it is used is the turning over of money by the holder of it to any one of a designated class of persons—that is, " persons who present the deposit-book."

And that this is the proper meaning of the word when used, as it is in the present by-law, is admitted by Chief Justice Ruger, in delivering the opinion in 101 *N. Y.* 58.

In discussing the by-law in the case then before the court he distinguishes it from that which was under consideration in the case of *Schoenwald* v. *Metropolitan Savings Bank*, 57 *N. Y.* 418, which provided that "all payments to persons producing the deposit-book, shall be deemed good and valid payments to depositors respectively." He says (speaking of this latter by-law), "there the language of the by-law plainly implied and provided for payments made to other persons than the depositor, and gave a significance to the word *payment*, which included strangers having possession of the pass-book." In the Schoenwald case it was determined that, by force of the by-law there considered, a payment made by the bank in good faith and in the exercise of reasonable care, to a stranger who had wrongfully come into the possession of the plaintiff's deposit-book, absolved the bank from liability to again pay the money.

As a precedent, Schoenwald *v.* Metropolitan Savings Bank is much more apt than that of Smith *v.* Brooklyn Savings Bank in settling the construction to be given to the by-law under review.

The Supreme Court, in the present case, adopting the meaning given to the word "payment" in the Smith case, held that the last clause of the by-law before us, that "all payments to persons who present the deposit-book," meant payments to such persons as are legally entitled to receive payment under the conditions specified in the earlier part of the by-law—that is, first, to the depositor, on presentation of the book; second, to a person presenting the book with a written order of the depositor to draw the money; or, third, to some other person legally authorized to receive the money upon presentation of the book, as, for example, an executor or administrator. It seems to us that this is not the true construction of this by-law. It first declares who shall be entitled to draw out deposits, namely, the depositor himself, or some person having a written order from him, or any other person legally authorized. But it provides that, even as

to those three classes of persons, the right to draw out shall not be absolute, but shall be conditioned upon the production of the deposit-book. So far the by-law has no bearing upon the terms upon which the bank is to be discharged from liability, for it is manifest that if the bank, notwithstanding this provision of the by-law, should see fit to pay to one of these three classes of persons without the production of the deposit-book, such payment would completely discharge the bank from any liability to pay over again. It is only the last clause of the by-law which deals with the question of the terms upon which the bank shall be discharged, and that clause declares that exemption from further liability shall follow upon payment to any person who presents the deposit-book. By the true construction of this by-law the bank is not compelled to pay any person, not even the depositor himself, unless the bank-book is produced (provided, of course, it is not lost or destroyed); but a payment made by it in good faith, and in the exercise of due care, to any person who produces the pass-book, operates to discharge the bank, without regard to whether or not such person is entitled to draw the money.

Accepting this as the true construction of the by-law, the suggestion is made that it is unreasonably harsh upon the depositor, and, for this reason, should not be sustained. We cannot accept this suggestion as sound. This bank has many thousands of depositors. It is impossible that its officers or clerks should personally know more than a small proportion of the whole number. It is apparent that if strict proof of the identity of each depositor was required whenever he should seek to draw out a portion of his deposit, great inconvenience would be caused to them. To obviate the necessity of such a practice, and at the same time to protect from depredation the common fund of the depositor which constitutes the sole capital of the corporation, some such rule as that presented by the case before us is required.

The judgment of the Supreme Court should be reversed.

*For affirmance*—None.

*For reversal*—DEPUE (CHIEF JUSTICE), GUMMERE, LUD-
LOW, COLLINS, BOGERT, HENDRICKSON, ADAMS, VREDEN-
BURGH, VOORHEES.    9.