Day J.
 

 Out of the pleadings and the evidence arose two issues in this case: First, was the so-called order of Carrie Thorp, presented by her husband to the bank, and upon which the balance was paid to him, a forgery? Second, even though such order may have been a forgery, was the payment of the balance, upon presentation of the passbook by the husband, together with the purported order, such a payment as under its rule 6 would justify the bank in the payment, provided it used good faith and reasonable care in the premises?
 

 The record discloses that upon the first issue, to wit, as to whether or not the check of Carrie Thorp presented by the husband was a forgery, the trial court put the burden of proof upon the plaintiff below, and in this we think the trial court erred. The claim of the bank in its first defense was that of
 
 *7
 
 payment; and it is well established that such defense is an affirmative one, and that the burden to show the same is upon the party claiming it, which in this case would be the bank.
 
 People’s Bank & Savings Co.
 
 v.
 
 Cereguti,
 
 92 Ohio St., 525, 112 N. E., 1086, affirming 4 Ohio App., 1, 21 C. C. (N. S.), 38, 25 C. D., 393; 7 Corpus Juris, page 756, Section 568;
 
 Chicago Savings Bank
 
 v.
 
 Block,
 
 126 Ill. App., 128;
 
 Cushman
 
 v.
 
 Illinois Starch Co.,
 
 79 Ill., 281;
 
 Harmon
 
 v.
 
 Old Detroit Nat. Bank,
 
 153 Mich., 73, 116 N. W., 617, 17 L. R. A. (N. S.), 514, 126 Am. St. Rep., 467;
 
 Leff
 
 v.
 
 Security Bank of New York,
 
 93 Misc. Rep., 139, 157 N. Y. S., 92;
 
 Noah
 
 v.
 
 Bowery Savings Bank,
 
 225 N. Y., 284, 122 N. E., 235.
 

 The second defense of the bank was to the effect that, under the rules and regulations contained in the passbook and agreed to by the depositor, it was provided that “in all cases the payment upon presentation of a deposit book shall be a discharge to the company for the amount paid. ’ ’ The bank claimed in addition that it had exercised good faith and reasonable care in the premises in making such payment, and hence was not liable.
 

 The case of
 
 Hough Ave. Savings & Banking Co.
 
 v.
 
 Andersson,
 
 78 Ohio St., 341, 85 N. E., 498, 18 L. R. A. (N. S.), 431, 125 Am. St. Rep., 707, 14 Ann. Cas., 479, is authority for the proposition that “when in such case the bank makes payment on presentation of the deposit book or pass book, not to .the depositor' in person, but upon what purports to be a written order by him and which turns out to be a forgery, the bank is at least bound to act in good faith and to exercise reasonable care with the view to avoid payment to a person who is not lawfully entitled to re
 
 *8
 
 ceive payment; and, if in such case it does not so act in good faith, and exercise reasonable care, it will be liable to pay again to the rightful owner of the deposit.”
 

 Applying the principle therein stated, if the record should disclose by the preponderance of all the evidence that the bank did act in good faith, and did exercise reasonable care in making the payment under such circumstances, in the light of its rule 6, “In all cases the payment upon presentation of a deposit book shall be a discharge to the company for the amount paid,” which rule the depositor had accepted and agreed to in writing, the bank would be absolved from paying the second time, and was entitled to a verdict upon that issue, provided no error prejudicial to depositor intervened.
 

 It is of course well established that savings banks are authorized to make reasonable rules and regulations relative to the transaction of their business with the depositors, and that such rules and regulations, accepted and agreed to by the depositor, form a contract, provided such rules and regulations are not against public policy or any positive law. However, the bank cannot relieve itself of responsibility to the extent that it may carelessly or negligently pay to one who has come into possession of the passbook, but must exercise good faith and reasonable care in making payments upon presentation, of the passbook. This is usually a question for the jury. See
 
 Zuplkoff
 
 v.
 
 Charleston National Bank,
 
 77 W. Va., 621, 88 S. E., 116, and cases cited in the opinion; Morse on Banking (6th Ed.), vol. 2, pages 1294, 1295, Section 620 (b), and cases cited; 7 Corpus Juris, page 869, Section 918, and cases cited; also
 
 Langdale
 
 v.
 
 *9
 

 Citizens’ Bank of Savannah,
 
 121 Ga., 105, 48 S. E., 708, 69 L. R. A., 341, 104 Am. St. Rep., 94, 2 Ann. Cas., 257; 5 A. L. R., 1205, and cases cited;
 
 Kelley
 
 v.
 
 Buffalo Savings Bank,
 
 180 N. Y., 171, 72 N. E., 995, 69 L. R. A., 317, 324, 333, 105 Am. St. Rep., 731, 732 (note);
 
 Wasilauskas
 
 v.
 
 Brookline Savings Bank,
 
 259 Mass., 215, 156 N. E., 34, 52 A. L. R., 758;
 
 Noah
 
 v.
 
 Bowery Savings Bank, supra.
 

 This second issue as to whether or not the bank exercised good faith and reasonable care was submitted to the jury under instructions that were not prejudicial to the depositor. There was some evidence in the record tending to support this claim of the bank in this behalf, to wit, that it had compared the signature of the order presented and the signature card containing the genuine signature of the depositor, and that the signature of the order was believed to be genuine; that the husband, who presented the passbook, had been with the wife in the bank on previous occasions when withdrawals were made which were valid. These circumstances tended to support the bank’s position. The jury were to determine whether the bank exercised good faith and reasonable care in the premises, in making the payment to the husband upon presentation of the passbook and the purported order.
 

 The verdict was a general one in favor of the bank. There were no interrogatories submitted to the jury to answer. We do not know whether the verdict was based upon the first issue, to wit, as to whether or not the order in question was a forgery, and the jury found that it was not a forgery but genuine, in which event the verdict would have to be for the bank; or whether the verdict was based upon
 
 *10
 
 the second issue, to wit, that the bank exercised good faith and reasonable care and in the light of its rule 6, above quoted, constituting a part of the contract between the depositor and the bank, the bank was justified in the payment of the order in question; or whether the verdict was based upon both issues.
 

 If either of these issues were submitted to the jury without error, and there was evidence tending to support the same, then, under the rule in
 
 Sites
 
 v.
 
 Haverstick,
 
 23 Ohio St., 626, followed in numerous cases, such verdict should not be set aside.
 
 Tod
 
 v.
 
 Wick Brothers & Co.,
 
 36 Ohio St., 370-389;
 
 Beecher
 
 v.
 
 Dunlap,
 
 52 Ohio St., 64, 38 N. E., 795;
 
 Gartner
 
 v.
 
 Corwine,
 
 57 Ohio St., 246, 48 N. E., 945;
 
 McAllister
 
 v.
 
 Hartzell,
 
 60 Ohio St., 69, 53 N. E., 715;
 
 State, ex rel. Lattanner,
 
 v.
 
 Hills,
 
 94 Ohio St., 171, 113 N. E., 1045, L. R. A., 1917B, 684;
 
 Jones
 
 v.
 
 Erie Rd. Co.,
 
 106 Ohio St., 408, 140 N. E., 366;
 
 Ochsner, Admr.,
 
 v.
 
 Cincinnati Traction Co.,
 
 107 Ohio St., 33, 140 N. E., 644;
 
 Hubert
 
 v.
 
 Kessler, Trustee,
 
 108 Ohio St., 584, 142 N. E., 38.
 

 We find the second issue was submitted to the jury without error prejudicial to the plaintiff below, and there is evidence tending to support the same; hence the verdict being general for the bank should not be disturbed.
 

 The rule announced by the Court of Appeals, that “the burden of justifying payment of a check or draft is on the bank, and if paid out on a forged check the sole defense under the Ohio rule would be evidence showing action or conduct on the part of the plaintiff creating an estoppel,” is doubtless correct in a proper case, but inapplicable here, because it ignores the effect of the rules and regulations as
 
 *11
 
 sented to by the depositor, constituting a contract between them, which amounted to a good defense, provided the bank exercised good faith and reasonable care. In ordinary commercial accounts or savings accounts, in the absence of such rules and regulations assented to by the depositor as appear in this case, we would be disposed to concur in the rule as announced by the Court of Appeals.
 

 In the light of this record, for the reasons stated, we are compelled to reverse the judgment of the Court of Appeals and affirm the judgment of the common pleas court.
 

 Judgment reversed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias and Allen, JJ., concur.