MARGARET M. REYNOLDS, PLAINTIFF-APPELLANT, v. PEOPLES TRUST AND GUARANTY COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Decided April 9, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the plaintiff-appellant, *Ziegener & Brenner.*

For the defendant-respondent, *Morrison, Lloyd & Morrison.*

PER CURIAM.

The plaintiff sued to recover the sum of $2,500 alleged to have been withdrawn without authority from her savings account. A nonsuit was entered in supposed compliance with *Pamph. L.* 1928, *ch.* 178, *p.* 347, which is, so far as pertinent, as follows: "No trust company shall be liable to a depositor for any payment made upon a forged or raised draft, receipt, acquittance or other order for payment or withdrawal of money from the depositor's account or standing to the depositor's credit, with such trust company, if payment is made upon presentation of the pass-book * * * unless within two years after such entry of payment or withdrawal such depositor shall in writing notify the trust company that the draft, receipt, acquittance or other order for

the payment or withdrawal of money upon which payment or withdrawal was made was forged or raised."

The withdrawal occurred January 29th, 1926. The statute did not go into effect until April 2d, 1928, so that if it controlled the present transaction, as the court below held, the two-year period had already run and the claim was barred by a failure to comply with a non-existent statute. This we do not think is the law.

The rules and regulations of the bank contained in the pass-book are, in part, as follows: "7. * * * but all payments made to any person producing the proper deposit book shall be good and valid payments."

A similar regulation was construed in *Cosgrove* v. *Provident Institution,* 64 *N. J. L.* 653, where the Court of Errors and Appeals held that a payment made by a bank in good faith and in the exercise of due care to any person who produced a pass-book containing such rule operated to discharge the bank without regard to whether or not such person was entitled to withdraw the money. *Banks and Banking, 7 Corp. Jur.* 869, § 918.

There must be a reversal to the end that proof may be taken on the issue of the good faith and the exercise of due care by the bank in making the payment.