21917.   HIGHFIELD *v.* FIRST NATIONAL BANK OF ROME.

432

DECIDED JULY 14, 1932.

434

*Wright & Covington, Porter & Mebane,* for plaintiff.
*Maddox, Matthews & Owens,* for defendant.

SUTTON, J. (After stating the foregoing facts.) "A depositor in a savings bank is bound by the reasonable rules and regulations of the bank to which he assents in writing. A rule providing that 'Every effort will be made to protect depositors against fraud, but payment made to a person presenting pass-book shall be good and valid on account of the owner, unless the pass-book has been lost and notice in writing given to [the] bank before such payment is made,' is reasonable and binding upon depositors. Under the terms of

such a rule, where a pass-book is presented by a person other than the depositor to whom it belongs, together with a forged check bearing a signature similar to that of the depositor, and there is nothing to arouse the suspicion of the teller or put him on inquiry, as a reasonably prudent man, as to the genuineness of the check, and the bank in good faith pays the check, believing the person presenting it to be the depositor, it is not liable in a suit by the depositor to recover the money so paid." *Langdale* v. *Citizens Bank,* 121 *Ga.* 105 (48 S. E. 708, 69 L. R. A. 341, 104 Am. St. R. 94, 2 Ann. Cas. 257). It will be noted that the undisputed evidence in that case shows that Langdale had assented to the rule above quoted, and that the cashier of the bank cautioned him to take good care of his pass-book, and not let it "lie around loose," pointing out to him the rules on the subject. The court in that case said that especially when the depositor agrees in writing that he shall be bound by the rules and regulations of a savings bank, do they enter into the contract of deposit, and that, by agreement between the bank and its depositor, possession of the pass-book is made prima facie evidence of the right to draw upon the fund it represents. In *Wilson* v. *Citizens & Southern Bank,* 23 *Ga. App.* 654 (99 S. E. 239), this court followed the ruling made in the *Langdale* case, supra, and held further that "The bank will be protected in paying money to the person presenting the pass-book when it is done in the exercise of reasonable care and diligence and in good faith; especially so where the depositor has subscribed to the rule. That the depositor is not able to write his or her name, but signs it by his mark, is no defense to the enforcement of reasonable rules for protection of the bank in its payment in good faith of deposits credited upon the pass-book in accordance with such rules." From an examination of the record in that case it appears that the depositor signed the pass-book by her mark and the evidence authorized a finding that the rules and regulations printed therein had been read and explained to her.

In the case at bar the undisputed evidence shows that the plaintiff could neither read nor write, that he knew nothing of the printed rules contained in the pass-book, that they were neither read nor explained to him by any official or employee of the bank or anyone else, that he did not sign his name in the pass-book by his mark or otherwise, and that he did not in any way assent to the by-laws and

regulations contained in such pass-book. In these particulars only is the case at bar different from the cases quoted from and cited above. Are the rulings made in those cases applicable to the peculiar facts of the present case? We think not.

As in case of other banks, a savings bank, in the absence of any modifying agreement, is authorized to pay deposits only to the depositor or his attorney, or in case of his death to his legal representative, and the bank can not avoid liability for a payment made upon a forged order to one who fraudulently obtained possession of the deposit book, even by showing that such payment was made in good faith and in the exercise of ordinary care and in accordance with the general practice among savings banks. 3 R. C. L. 706, § 337. Mere presentation of the pass-book of the savings bank is not authority for the payment of the money, in the absence of any agreement to that effect. Eaves v. People's Savings Bank, 27 Conn. 229 (71 Am. D. 59) ; Smith v. Brooklyn Savings Bank, 101 N. Y. 58 (54 Am. R. 653). In the first case just cited the court said: "Let the rule be inserted in the book and assented to by the depositor, and then it will be a sufficient authority for such a payment." In the last case just cited, the court held that the "depositor may, by special contract, authorize payments to be made in some other manner than by his directions; but in order to make such payments a protection to the bank, it is necessary for it to show some special agreement with the customer, authorizing such a mode of payment." The reasonable rules and by-laws of a savings bank for withdrawing deposits, if properly made known to the depositor, are part of the contract between him and the bank. Mercantile Savings Bank v. Appler, 151 Md. 571 (135 Atl. 373) ; Allen v. Williamsburg Savings Bank, 69 N. Y. 314, 321; 2 Morse on Banks & Banking (6th. ed.), § 620. A depositor must have knowledge of, and actually or impliedly assent to, by-laws in order to be bound by them. Wells v. Black, 117 Cal. 157 (48 Pac. 1090, 37 L. R. A. 619, 59 Am. St. R. 162). The depositor is bound by such by-laws by receiving and holding the pass-book with the same printed therein, even without signing the pass-book, if he has actual knowledge thereof. Gifford v. Rutland Savings Bank, 63 Vt. 108 (21 Atl. 340, 11 L. R. A. 794, 25 Am. St. R. 744). "If a savings bank is organized under a general statute, and the profits of the bank belong to its stockholders and not to depositors, a by-law pro-

viding that the bank shall not be liable to a depositor for payment made to a third person who presents a depositor's pass-book, however acquired, does not relieve the bank from liability imposed upon it by such statute to repay all deposits to the depositor, or his legal representatives, in a case where a pass-book is presented by, and a deposit paid to, a third person, who has forged the depositor's signature, unless the attention of such depositor has been expressly called to such by-law, and he has actually or impliedly assented thereto." Ackenhausen v. People's Savings Bank, 110 Mich. 175 (68 N. W. 118, 33 L. R. A. 408, 64 Am. St. R. 338). The mere printing in a pass-book of a provision, among many others, releasing the bank from liability in case complaint is not made of forged endorsements within ten days after return of vouchers, does not bind the depositor unless he is required to sign it or his attention is particularly called to it. Los Angeles Investment Co. v. Home Savings Bank, 180 Cal. 601 (182 Pac. 293, 5 A. L. R. 1193). In that case the court further held: "It is not sufficient merely that it appear in front of the pass-book. The case is not one in which the party must know that he is accepting a contract, as where he is accepting an insurance policy, and should therefore realize the necessity of acquainting himself with its terms. . . It is more nearly analogous to the case of special conditions and limitations printed on the back of a railroad ticket." In Ackenhausen v. People's Savings Bank, supra, the court further held that "The requirements of a general statute, under which a savings bank is organized, that all deposits shall be paid to the depositor or his legal representatives, can not be changed by a by-law adopted by the bank, unless the attention of the depositor is called thereto, and he actually or impliedly assents." In that case the court said: "In this State the officers of the bank are the agents of the bank, and not the agents of the depositors. A by-law passed by them is a by-law of the bank, and not the depositor, and if the effect of it is to change the relation of the debtor to the creditor, must not the creditor have his attention called to the by-law in such a way that he shall understand its effect before he shall be bound by it?"

It is true that there is authority for the proposition that if a depositor accepts and retains a pass-book wherein are printed rules of the savings bank respecting the repayment of the deposit, he is deemed to acquiesce therein and they become a part of the contract

between the bank and the depositor. Chase *v.* Waterbury Savings Bank, 77 Conn. 295 (59 Atl. 37, 69 L. R. A. 329) ; Ladd *v.* Augusta Savings Bank, 96 Me. 510 (52 Atl. 1012, 58 L. R. A. 288) ; Wall *v.* Provident Inst. for Saving, 6 Allen (Mass.), 320; Goldrick *v.* Bristol &c. Savings Bank, 123 Mass. 320; Wasilauskas *v.* Brookline Savings Bank, 259 Mass. 215 (156 N. E. 34) ; Heath *v.* Portsmouth Savings Bank, 46 N. H. 78 (88 Am. D. 194) ; Cosgrove *v.* Provident Inst. for Saving, 64 N. J. L. 653 (46 A. 617) ; Schoenwald *v.* Metropolitan Savings Bank, 57 N. Y. 418; Burrell *v.* Dollar Savings Bank, 92 Pa. 134 (37 Am. R. 669) ; Bulakowski *v.* Philadelphia Savings Fund Society, 270 Pa. 538 (113 Atl. 553) ; Gifford *v.* Rutland Savings Bank, 63 Vt. 108 (25 Am. St. R. 744, 21 Atl. 340, 11 L. R. A. 794) ; Wegner *v.* Second Ward Savings Bank, 76 Wis. 242 (44 N. W. 1096). However, in practically all, if not all, of these cases the circumstances were such that the consent of the depositor to the by-law reasonably appeared, or the savings bank was a mutual one, the members of which were the depositors, who as members were bound by the bank's rules and interested in having the losses as small as possible. Such class of banks are usually run by trustees for the benefit of the depositors. It will also appear that in some of the states in which these decisions were rendered there was no statute requiring the deposits in a bank to be paid to the depositors or their legal representatives, as is the case in this State. Ga. L. 1919, pp. 135, 210; Michie's Code (1926), § 2366(193). When money is deposited in a savings bank of the above kind, the relation of trustee and cestui que trust, or of quasi-stockholder and corporation, is created, and not the ordinary relation of debtor and creditor, as is the case of other banks. 3 R. C. L. 694; State *v.* People's National Bank, 75 N. H. 27 (70 Atl. 542) ; 1 Morse on Banks & Banking (6th ed.), §§ 2, 3. So a commercial bank does not do a savings bank business, within the above definition of that kind of bank, because it receives from its customers deposits upon which it agrees to pay them a certain rate of interest. 3 R. C. L., supra. In the instant case we have an ordinary commercial bank, with a savings department, and not a mutual-benefit savings bank. The conditions surrounding the two systems of banking are so unlike that the decisions under one system are not likely to be controlling when litigation arises under the other system. If the depositors are to share in the profits of the business

when it is profitable, they should accept its losses without complaining, and not ask to hold the bank liable. The depositors are the bank. The trustees and officers are their agents for receiving and loaning their money. If the depositors are the bank and the trustees and officers are the agents of the depositors, any regulation or by-law adopted by them would bind the depositors. On the other hand, if the relation between the bank and the depositor is that of debtor and creditor, the general rule is that the by-laws are not binding upon the depositor, unless he assents thereto, expressly or impliedly. Furthermore, a savings bank is not held to the same high degree of care as that required of a commercial bank respecting its depositors. Kelly v. Buffalo Savings Bank, 180 N. Y. 171 (72 N. E. 995, 69 L. R. A. 317, 105 Am. St. R. 720); Bulakowski v. Philadelphia Savings Fund Society, supra.

The two Georgia decisions dealt with hereinbefore followed the general rule and are in accordance with what is said above. The banks in those cases were ordinary commercial banks, and the rulings made therein were based upon the fact that the depositors concerned had knowledge of or had assented to the by-laws contained in the pass-books therein involved. These decisions follow the great weight of authority in this country. 2 Morse on Banks & Banking (6th ed.), § 620, note 1; 7 C. J. 869.

It appearing in this case that the plaintiff could neither read nor write, had not assented to the by-law of the bank printed in the pass-book handed him, never had his attention called to the same, and knew nothing of the same in any way; it further appearing that there is a general statute of this State making all deposits in a savings bank payable to the depositors or their legal representatives; and it further appearing that the bank in this case was an ordinary commercial bank, with a savings department, and not a mutual-benefit savings bank, we are of the opinion that this bank could not escape liability to the plaintiff for paying out the amount of his deposit with it to a third person bearing a check with the plaintiff's signature by his mark forged thereto, together with the plaintiff's pass-book, by reason of the fact that when he made such deposit it handed to him a pass-book with a rule printed therein to the effect that it would be protected in paying out deposits to any one presenting the pass-book, when no notice in writing had been given its cashier of the loss or theft of the same. Taking this view, we

440

reach the conclusion that it was error for the court to give in charge to the jury a contrary principle.

It follows that the trial judge erred in overruling the motion for new trial. ·

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*