## SMITH et al. v. REPUBLIC NAT. BANK & TRUST CO.

No. 3056.

Court of Civil Appeals of Texas. El Paso.

June 28, 1934.

Edgar Hartsfield, of Dallas, for plaintiffs in error.

Owen T. Lewis and Eugene De Bogory, both of Dallas, for defendant in error.

HIGGINS, Justice.

On March 23, 1931, Mable Smith, an ignorant and illiterate negro woman, deposited $150 in the savings department of the Republic National Bank & Trust Company of Dallas. Clarence Holloway, a negro man, went to the bank with her. The deposit was received by John K. Campbell, an employee of the bank in charge of accepting new accounts.

Because of Mable Smith's inability to read or write, the deposit was made in the name of Wade Erwin, a brother of Mable Smith. Holloway signed Erwin's name upon the signature card and ledger sheet at Mable Smith's request. Campbell did not know Holloway was not Wade Erwin. Campbell thought the man was Wade Erwin. Passbook was issued

in the name of Wade Erwin and delivered to Mable Smith. She took the book home and hid it under a mattress. She was a working woman, and during her absence from home the back door was left unlocked. On July 4, 1931, she discovered the book was missing. Upon inquiry at the bank, she ascertained the account had been closed by withdrawals of $145 on March 27, 1931, and $5 on June 27th, and the passbook taken up by the bank. It was shown that Wade Erwin did not make the withdrawals. The receipts for the withdrawals bore the signature of Wade Erwin in the same handwriting as upon the signature card and ledger sheet. J. M. Cott, teller in the bank's savings department, paid out the moneys, but had no independent recollection of the withdrawals. Holloway lived a short distance from Mable Smith and Wade Erwin, and it is very evident Holloway unlawfully obtained possession of the passbook and withdrew the money. The appellants so contend.

The passbook contained certain rules and regulations and among these are the following:

"Notice to Savings Depositors: The Republic National Bank and Trust Company of Dallas will receive deposits in its Savings Department and permit withdrawals thereon on the following terms and conditions, to which the customer assents by using the bank's facilities:

"As the officers and agents of the bank may not be able to identify every depositor, and the possession of the depositor's pass book may, if in improper hands, tend to mislead said officers and agents in making payments, payment made by the Bank to one holding the pass book shall be binding on the owner of the account, unless such owner has, prior to such payment, notified the Bank in writing that the book has been lost, stolen or destroyed, and requested the Bank not to make payment on presentation of said book.

"The personal signature which has been given to the Bank by each depositor or the agent of such depositor on one of its cards used for this purpose, and which corresponds by number with this book, evidences the consent of such depositor to an agreement to be bound by the terms and conditions enumerated above, and such changes, additions, eliminations and variations as may have been, are or shall be duly made thereto."

The bank had no notice of the loss of the book until after July 4, 1931.

Upon refusal of the bank to pay to them the sum deposited, Mable Smith and Wade Erwin brought this suit to recover such sum from the bank. An instructed verdict was returned in favor of the bank.

### Opinion.

It is unnecessary to determine whether the bank, regardless of the question of negligence upon its part in paying out the money, is protected by the notice in the passbook making valid payments to any person holding the book and the fact that the deposit was paid out before the bank was notified of the book's theft.

We doubt if a bank can thus completely relieve itself of its obligation to exercise ordinary care and diligence to prevent payment to the wrong person. 7 C. J. title, Banks and Banking, §§ 916 and 919.

But the rule is a reasonable one, and protects the bank in making payment to the wrong person who produces the book, and the bank has exercised the proper care. Same authority, § 918.

This is not the case of a checking account paid out upon checks to which the depositor's signature had been forged.

The parties were all unknown at the bank. The money was paid to the person who produced the book, who was with Mable Smith when the deposit was made, and who signed Wade Erwin's name upon the signature card and ledger sheet at Mable Smith's request. The signatures upon the withdrawal receipts corresponded with, and in fact were the same as, the signature given when the deposit was made. Under the circumstances, the bank had every reason to suppose payment was being made to the proper person. There is nothing upon which to base a finding that the bank was negligent in making the payments to Holloway.

The verdict in favor of defendant was properly directed. 7 C. J. p. 869, § 918; Cosgrove v. Provident Inst. for Savings, 64 N. J. Law, 653, 46 A. 617; Langdale v. Citizens' Bank, 121 Ga. 105, 48 S. E. 708, 69 L. R. A. 341, 104 Am. St. Rep. 94, 2 Ann. Cas. 257; Commonwealth Bank v. Goodman, 128 Md. 452, 97 A. 1005; Fourth & Central Trust Co. v. Rowe, 122 Ohio St. 1, 170 N. E. 439; Reynolds v. People's Trust & Guaranty Co., 154 A. 332; 9 N. J. Misc. 433; Mercantile Savings Bank v. Appler, 151 Md. 571, 135 A. 373; Highfield v. First Nat. Bank, 45 Ga. App. 431, 165 S. E. 135; Bulakowski v. Philadelphia Savings Fund Soc., 270 Pa. 538, 113 A. 553; Wilson v. Citizens' & Southern Bank, 23 Ga. App. 654, 99 S. E. 239.

Affirmed.