(6 Misc. Rep. 110.)

### TOBIN v. MANHATTAN SAV. INST.

(Common Pleas of New York City and County, General Term. December 4, 1893.)

1. SAVINGS BANKS—DUTY TO DEPOSITORS—PAYMENT ON PRESENTATION OF PASS BOOK.
   A provision in a pass book furnished by a savings bank to a depositor, that, while its officers would endeavor to prevent fraud on depositors, all payments made to any person producing the pass book would be valid, does not relieve the bank from the exercise of ordinary care to prevent fraud by the person presenting the pass book.

2. SAME—PAYMENT OF DEPOSIT ON FORGED DRAFT—ORDINARY CARE.
   In an action by a depositor against the bank for money paid out by it on a forged withdrawal slip presented with the pass book by one who had stolen it, the evidence showed that there was marked difference between the signature to the withdrawal slip and that of the depositor in the bank's signature book, and there was no evidence that they were compared by the teller who made the payment. *Held*, that there was sufficient evidence that ordinary care was not used.

Appeal from city court, general term.

Action by William R. Tobin against the Manhattan Savings Institution to recover moneys deposited by plaintiff with defendant savings bank, which defendant claimed to have paid on a draft or withdrawal slip purporting to have been signed by plaintiff, but the signature to which plaintiff alleged was a forgery. From a judgment (23 N. Y. Supp. 1165) affirming a judgment for plaintiff, and from an order denying defendant's motion on the minutes for a new trial on the grounds specified in Code Civil Proc. § 999, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Hoyt & Schell, (Ira D. Warren, of counsel,) for appellant.

Friend & House, (Frederick B. House, of counsel,) for respondent.

BISCHOFF, J.   The judgment of affirmance of the court below precludes any review on this appeal of the weight of the evidence, and the only exception which is available to inquire whether there was any evidence to support a verdict for plaintiff is the one taken on defendant's behalf to the denial of a motion to dismiss the complaint, made when the cause was finally submitted.   A defect in the proof existing at the time of a like motion at an earlier stage of the trial is cured by evidence thereafter adduced by either party. Meyers v. Cohn, 4 Misc. Rep. 185, 186, 23 N. Y. Supp. 996.   Plaintiff— by occupation, a bricklayer—was a depositor of the defendant savings bank, and at the time of opening his account, in September, 1889, received a pass book, in which, among other things, was printed the following:   "The officers and clerks will endeavor to prevent frauds on depositors, and all payments made to any person producing the proper deposit pass book shall be good and valid payments."   Plaintiff kept his pass book locked up in his trunk at his boarding house.   On April 22, 1892, having occasion to use it, he discovered that the book had been purloined, and replaced by some person unknown to him, from the fact that there appeared therein an entry of the withdrawal of $963 on April 13, 1892.   Upon inquiry at the bank on the next succeeding day, the teller exhibited to plaintiff a draft or withdrawal slip, the date of which corresponded to the date of the entry, which was admittedly in the handwriting of the assistant teller, Curran.   The draft purported to have been signed by plaintiff, and the bank claimed to have paid out the amount, on the faith of it, to a person who presented the pass book with the draft.   Plaintiff, however, insisted that the signature to the draft was a forgery; and upon the bank's refusal to refund the amount he instituted this action to recover the aggregate amount deposited by him, less the conceded withdrawals, which exceeded the amount of the disputed draft by $325.44.   The jury awarded him the amount demanded.

Notwithstanding an agreement between the depositor and the bank to the effect as stated in the printed condition in plaintiff's deposit pass book, the bank continues liable for the moneys deposited, if, with the exercise of ordinary care, it could have prevented the perpetration of a fraud upon it by the person presenting the pass book.   Saling v. Bank, (Com. Pl. N. Y.) 7 N. Y. Supp. 642; Appleby v. Bank, 62 N. Y. 12; Allen v. Bank, 69 N. Y. 314; Smith v. Bank, 101 N. Y. 58, 4 N. E. 123; Kummel v. Bank, 127 N. Y. 488, 28 N. E. 398.   If no such agreement is had, the bank is absolved from liability to the depositor for return of the moneys deposited only upon payment to him or his order.   Plaintiff testified that the signature to the disputed draft was not written by him, or by his authority.   This evidence, therefore, required submission of the question of genuineness to the jury, assuming that there was no agreement to the effect as above mentioned.   Assuming, however, that the evidence conclusively established the agreement, it was nevertheless a question of fact, to be determined by the jury upon sufficient evidence, whether or not the bank did omit the exercise of ordinary care at the time of the payment of the disputed

draft. If there was such evidence, defendant's motion for dismissal of the complaint was properly denied.

We are of the opinion that the facts are reasonably open to an inference that the bank did not use ordinary care to prevent the perpetration of the fraud upon it. The want of ordinary care arises from the omission to do what an ordinarily prudent person would have done under like circumstances. An ordinary, universal, and main, if not the main, test of identity of drawer and depositor, is the identity of the signature to the draft with the signature of the depositor retained by the bank. This test is applied by a comparison of the several signatures. If the teller had testified that such a comparison was made in the present instance, his testimony would not have been conclusive of the fact, though it remained unchallenged by other testimony, since it was that of a person interested in the event of the action. Bank v. Diefendorf, 123 N. Y. 191, 25 N. E. 402. But it nowhere appears to have been made. Both Bird, the teller, and Stiles, the secretary, of the bank, and witnesses for it, admitted on cross-examination that there was "marked" and "striking" dissimilarity between plaintiff's signature in the bank's signature book and the signature to the disputed draft; and the testimony of both witnesses developed the fact, in the presence of the jury, that the discrepancies were readily discernible upon comparison. Whether or not the discrepancies were casually discernible, or required more than ordinary application for detection, was eminently a question of fact to be determined by the jury from the evidence, and an inspection of the several signatures; and, if they concluded that the discrepancies were obvious to casual or ordinary examination, they might still further conclude that if the teller had compared the signatures he would have detected the discrepancies, and that thus there would have been excited within him sufficient suspicion to have induced him to use greater caution before accepting or paying the disputed draft, or that, having failed to observe the discrepancies, he did not avail himself of the ordinary caution of comparing the several signatures, and so was remiss in the observance of ordinary care. Though the trial judge might have differed, upon an inspection of the several signatures, from the subsequent conclusions of the jury, the evidence required submission to them, if it was legitimately susceptible of conflicting views. For the same reason we are precluded from saying that there was no evidence, or no sufficient evidence, to sanction a verdict for plaintiff.

Defendant's exceptions taken to rulings relative to the admission and exclusion of evidence appear to be without merit. Articles 19-29, both inclusive, of defendant's charter and by-laws, are omitted from the record of this appeal. This may have been accidental, but since the charter and by-laws, so far as they do appear, are neither relevant nor material to the question litigated on the trial, it is not competent for us to say that the trial court erred in excluding them. The judgment should be affirmed. **Judgment affirmed, with costs. All concur.**