FERGUSON v. HARLEM SAV. BANK.

(Supreme Court, Appellate Term.  February 23, 1904.)

1. SAVINGS BANKS—BY-LAWS—CONTRACT.

By-laws printed in a passbook delivered by a savings bank to and accepted by a depositor at the time of opening an account constitute a contract between the depositor and the bank.

2. SAME—CONSTRUCTION.

Notwithstanding the printed by-laws in a passbook delivered by a savings bank to a depositor provided that, though the bank will endeavor to prevent fraud and imposition, yet all payments to persons presenting the passbook issued by it shall be valid payments to discharge the bank, the bank is bound to exercise ordinary care and diligence to avoid a payment to the wrong person.

3. SAME—NEGLIGENCE.

Where the passbook of a depositor in a savings bank was presented to the bank with a forged draft against the deposit, and the evidence shows that the officer of the bank making payment, upon noticing a few slight irregularities in the signature, had his suspicion aroused, and asked all the test questions for identification, and that the person applying for payment, with the passbook in his possession, and claiming to be the depositor, correctly answered each, the bank had the right to rely on the appearances thus presented to make the payment called for.

4. SAME—JURY.

Where, in an action against a savings bank to recover a balance alleged to be due a depositor, it appeared that payment was made by the bank on a forged draft, but the officer making the payment testified that the difference between the genuine and the forged signatures was slight, and all means prescribed by the rules of the bank were exhausted to obtain a sufficient identification at the time payment was made, and such testimony was uncontradicted, it was error to submit the case to the jury.

Appeal from City Court of New York, Trial Term.

Action by Alexander Ferguson against the Harlem Savings Bank. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals.  Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Reuben Mapelsden (Herbert S. Ogden, of counsel), for appellant.

Appell & Taylor, for respondent. .

FREEDMAN, P. J.   The action was brought to recover the balance claimed by the plaintiff to be due upon his account with the defendant, which the plaintiff claimed amounted to $318.61, and which the defendant contended amounted to $18.61 only.   At the trial the plaintiff had a verdict for the full amount.   The defendant is a savings bank. The plaintiff opened an account with it on December 19, 1899, with a deposit of $400, and thereafter, from time to time, he made deposits and withdrawals, to April 1, 1902.   On said 1st day of April, 1902, a draft of $300, signed, "Alexander Ferguson," was presented for payment at the bank; such draft being accompanied by plaintiff's passbook. This draft was paid, and at the time of such payment the same was entered in said passbook, and said book was then and there returned to

¶ 2. See Banks and Banking, vol. 6, Cent. Dig. § 1164.

the party presenting it, and to whom said draft was paid. On April 28, May 12, June 9, July 21, August 4, and October 6, 1902, plaintiff personally made deposits in said bank; and on March 2 and May 4, 1903, he personally made withdrawals from said bank. Each of said deposits were entered in plaintiff's passbook at the time they were made, and the book returned to him; and each of said withdrawals was entered in plaintiff's passbook at the time the money was withdrawn, and the book returned to plaintiff. During all this time he had the book in his possession; the deposits being entered on one page, and the withdrawals, including said withdrawal of $300, being entered on the page directly opposite.

The only question in dispute in this case is in regard to the withdrawal of $300 on April 1, 1902; the plaintiff claiming that the receipt (Exhibit A) for $300 is a forgery. For the purposes of this case, it must be assumed that the signature to said receipt is not the signature of the plaintiff, and consequently, if there had been no agreement to the contrary, the defendant would have been bound to know that the signature was forged. National Park Bank v. Ninth National Bank, 46 N. Y. 77. But there was an agreement to the contrary. The by-laws printed in the passbook delivered by the defendant to, and accepted by, the plaintiff, at the time he opened the account, constituted a contract between the parties (Appleby v. Erie County Savings Bank, 62 N. Y. 12; Warhus v. Bowery Savings Bank, 21 N. Y. 543), and one of them was as follows:

"Although the bank will endeavor to prevent fraud and imposition, yet all the payments to persons presenting the passbook issued by it shall be valid payments to discharge the bank."

Notwithstanding this special contract, the defendant was bound to exercise ordinary care and diligence to avoid a payment to the wrong person; and, upon proof of failure to exercise such care and diligence, the defendant still remains liable. Appleby v. Erie County Savings Bank, supra. The vital question in the case, therefore, is whether the evidence was sufficient to warrant the submission of the case to the jury upon the question whether the defendant had exercised due care and diligence. The testimony of the officer of the bank who made the payment shows that a few slight irregularities in the signature aroused his suspicion; that he thereupon asked all the test questions requisite for identification; that the person applying for the payment, with the passbook in his possession, and claiming to be the plaintiff, correctly answered each and every one of the said test questions; and that thereupon the payment was made. Under these circumstances, the defendant had a right to rely upon the appearances thus presented, and to make the payment called for. Wall v. Emigrants' Industrial Savings Bank, 64 Hun, 249, 19 N. Y. Supp. 194; Allen v. Williamsburg Savings Bank, 69 N. Y. 319; Geitelsohn v. Citizens' Savings Bank, 17 Misc. Rep. 574, 40 N. Y. Supp. 662. The testimony of the said bank officer was in no way or manner contradicted or impeached, and there was nothing improbable or suspicious about it, and hence full credit should have been given to it; and, upon defendant's motion for a direction of a verdict in its favor, a verdict should have been directed

against it for only $18.61.  Geitelsohn v. Citizens' Savings Bank, supra.

The cases cited by the respondent in support of the proposition that the question whether ordinary care and diligence were used was one to be determined by the jury upon the peculiar facts of each case contain nothing which conflicts with what has been said here.  In every one of them there was a doubt as to the proper observance of the rules of the bank.  In the case at bar there is not.  So the contention of the respondent that a mere difference in the signatures requires the submission of the case to the jury is not supported by the authorities cited.  In Allen v. Williamsburg Savings Bank, 69 N. Y. 317, Hager v. Buffalo Savings Bank (Super. Buff.) 31 N. Y. Supp. 448, and Saling v. G. Sav. Bank (Com. Pl.) 7 N. Y. Supp. 642, the difference was marked and easily susceptible, and there was no proof that a single test question was put, to secure identification.  In Tobin v. Manhattan Savings Inst., 6 Misc. Rep. 110, 26 N. Y. Supp. 14, no comparison of signatures was even made, nor any question put.  In the case at bar the difference between the signatures, as shown by the original exhibit, is slight, and all the means prescribed by the rules of the bank were exhausted to obtain sufficient identification; and it was, therefore, under all the circumstances disclosed, error to submit the case to the jury.

The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event.  All concur.