GARLAND GALLOWAY, as Trustee, Respondent, *v.* BELLA WOLFE, Appellant, Impleaded with ABRAHAM WOLFE, Defendant, and CHARLES ZAHN and Others, New Parties Hereto Brought in by the Defendant, BELLA WOLFE, Impleaded in Pursuance of Section 271 of the Civil Practice Act, Defendants.

First Department, April 24, 1931.

*Jac M. Wolff* of counsel [*Irving G. Wolff* with him on the brief; *Jac M. Wolff*, attorney], for the appellant.

*J. Lewis Furman*, for the respondent.

MERRELL, J.   Plaintiff brought the present action against one Abraham Wolfe and the defendant, appellant, to recover the sum of $10,335.67, besides interest, alleged to be due from said defendants upon a contract entered into by said defendants with the creditors of a corporation known as Wolfe & Glassberg, Inc., February 16, 1929, whereby it is alleged the defendants obligated themselves to pay to the creditors of Wolfe & Glassberg, Inc., the total amount of their claims against said corporation, amounting to $12,935.67, $2,000 of which, it is alleged, under the terms of said agreement was to be paid to plaintiff, as trustee for the creditors, on or before the date of said contract, and the balance of which indebtedness, amounting to $10,935.67, was to be paid in quarterly installments of $1,000 each, commencing September 1, 1929, with a final balance of $1,935.67 to be paid on December 1, 1931, said installment payments being evidenced by ten promissory notes made by defendant Abraham Wolfe and indorsed by the defendant, appellant, payable to the order of plaintiff, as trustee.  The said contract contained an acceleration clause whereby the trustee therein named, upon default in the payment of any of said installments, was authorized to require immediate payment of any balance of said indebtedness remaining unpaid.   It is alleged in the complaint that the $2,000 payment was made on or before February 16, 1929, and that a further payment of $600 was applied on account of the first installment which became due on September 1, 1929, but that defendants have failed and refused to pay the balance of $400 upon said installment and have failed and refused to pay the quarterly installments falling due on December 1, 1929,

March 1, 1930, June 1, 1930, and September 1, 1930, and that neither of said installments has been paid, and all are due and remain wholly unpaid.

Defendant, appellant, served an answer to the complaint, consisting substantially of a general denial of all of the allegations therein contained, and as a first and distinct defense alleged that the said defendant, appellant, never became bound by the aforesaid contract upon which the present action was brought or the notes therein mentioned upon the ground that her signature thereto was obtained through fraud, false representations, duress and undue influence exercised upon her by the defendant Abraham Wolfe and by the corporate defendants and the individual defendants Charles Zahn and Charles T. Hawk through a wrongful conspiracy entered into between Abraham Wolfe, the husband of defendant, appellant, and the other said defendants. The fraud alleged in the answer of the defendant, appellant, was that the said conspirators falsely and fraudulently represented that the corporation known as G. Z. Hawk & Son Co., Inc., and the defendant Charles Zahn had executed and delivered their promissory note and agreement whereby they obligated themselves to pay all of the debts of Wolfe & Glassberg, Inc.; that the signature of the defendant, appellant, to said contract was merely a formality, and that she would not become obligated thereby; that the corporation Wolfe & Glassberg, Inc., was solvent, owning assets exceeding its liabilities, but that by reason of the fact that its assets could not be easily liquidated, the said corporation was unable to meet promptly its current liabilities, and that unless the defendant, appellant, executed said contract the corporation would be driven into bankruptcy and its assets dissipated. The defendant alleges that she was induced by such false representations to sign said contract and the ten promissory notes; that such representations were false and untrue, and that the recital in the said contract that the defendants Wolfe had taken over the assets of said Wolfe & Glassberg, Inc., was false and untrue, and known by all of the parties, save defendant, appellant, to be false and untrue. The answer further alleges that G. Z. Hawk & Son Co., Inc., which was brought in as a new party defendant and which was a beneficiary under said agreement, falsely pretended to be a creditor of Wolfe & Glassberg, Inc., and that the said conspirators had wrongfully appropriated nearly all of the assets of Wolfe & Glassberg, Inc., without knowledge on the part of defendant, appellant. The separate defense further alleges that her signature to said agreement was procured by duress and undue influence exercised upon her by her husband, the defendant Abraham Wolfe, and through threats on his part that he would beat her

and cause her physical injury, and that he would abandon defendant, appellant, and their two minor children, leave for parts unknown, and refuse further to perform his marital duties. The defendant, appellant, further alleges that through such threats, duress and coercion she was prevented from exercising her own free will and induced and compelled, against her will, to sign said agreement and to indorse the various notes therein described, and that by reason of such fraud and duress practiced upon her the said agreement and the notes therein contained were void, as against the defendant, appellant. The answer of the defendant also contained a counterclaim wherein the allegations of fraud and duress were repeated. In said counterclaim the defendant further alleges the financial irresponsibility of plaintiff, and that no undertaking was given by plaintiff, as trustee, and that plaintiff threatens to dispose of the notes aforesaid, which are negotiable in form, and that if said notes get into the hands of innocent parties, without notice of their invalidity, said parties will become holders in due course, as the result of which defendant, appellant, will suffer irreparable damage. In her counterclaim defendant, appellant, further alleges that by reason of the misconduct of the new parties and conspirators she will be required to employ counsel to defend the action and will suffer damages in the sum of approximately $15,000, for which affirmative judgment is demanded against the defendants Charles Zahn, Charles T. Hawk, G. Z. Hawk & Son Co., Inc., Wolfe & Glassberg, Inc., and the plaintiff, Garland Galloway, individually, as new parties defendant, all of whom the defendant, appellant, has brought in as parties defendant, pursuant to the provisions of section 271 of the Civil Practice Act, and all of whom, except the defendant Galloway, have been served with the answer of said defendant, appellant.

We are of the opinion that the court below improperly struck out the denials, the affirmative defense and the counterclaim contained in the answer of said defendant, appellant, and that the court improperly struck out the names of the additional parties brought into the action through the counterclaim interposed by said defendant, appellant, which counterclaim, in our opinion, clearly presented questions between the defendant, appellant, and the plaintiff along with said other parties defendant. In the brief memorandum contained in the order appealed from the court stated: " The affirmative defense must be held unsound inasmuch as nowhere is there a denial of plaintiff's claim as a holder in due course."

This action is brought by plaintiff, not as a holder in due course of negotiable paper, but as the holder of the non-negotiable contract sued upon. The action, therefore, is not upon

a negotiable instrument, nor does the plaintiff allege that he is a holder in due course. While the contract itself refers to the promissory notes indorsed by defendant, appellant, the action is not upon said notes, and there is no allegation therein contained of notice of dishonor to defendant, appellant. Moreover, plaintiff, occupying the position of principal in the contract, cannot be said to be a holder in due course. (*Miller* v. *Campbell*, 173 App. Div. 821; affd., 223 N. Y. 728.) In our opinion the separate and distinct defense set forth in the answer of defendant, appellant, coupled with the denials of the allegations of the complaint, clearly presented issues which can only be disposed of upon a trial thereof. If the defendant, appellant, be able to establish that she signed the contract in suit as the result of a fraud practiced upon her and under duress, coercion and threats of abandonment by her husband, then the contract, so far as she was concerned, was absolutely void, and she was in nowise obligated thereby. The answer specifically denies that any consideration flowed to defendant, appellant, for the execution of said contract on her part. Moreover, in our opinion, plaintiff acquired no superior rights as against defendant, appellant, to those possessed by the tort conspirators themselves. The Court of Appeals in *Barry* v. *Equitable Life Assurance Society* (59 N. Y. 587, 591) said: " We do not agree, however, with the learned justice that a *bona fide* purchaser for value, acquires a good title to a chose in action which he has bought from one who has procured it from the owner of it by undue influence, compulsion and coercion."

In *Bedell* v. *Bedell* (37 Hun, 419, at p. 421) it was said: " It is not a question of agency, but a question of fraud. If the instrument in question was obtained from the plaintiff by misrepresentation and fraud, it cannot be held against her. It is quite immaterial who perpetrated the fraud, the defendant cannot enjoy its results and retain its benefits by a claim that it was unauthorized by him. He has accepted an instrument tainted with fraud for which he has paid no consideration. He cannot retain the instrument for use against the plaintiff on the ground that the fraud was unauthorized by him and committed without his knowledge or procurement."

In *National Bank* v. *Cox* (47 App. Div. 53, at p. 57) this court said: " The principle upon which contracts obtained by duress are avoided is that the party who was coerced to make them never in fact consented to do so, and that, therefore, the apparent contract does not exist in fact. If that be the case and the contract has in fact no existence, it cannot be binding upon anybody. It is quite true that under certain circumstances the person who was coerced

may be estopped from insisting that the contract was not valid; but unless thus estopped he is at liberty to assert the invalidity of the contract whenever he is called upon to perform it, even though the person thus calling upon him may have been a *bona fide* holder for value."

We are, furthermore, of the opinion that, defendant, appellant, claiming to have been induced by fraud and compelled by duress to sign the contract in suit, the counterclaim interposed in her answer, based upon the invalidity of the contract, sets forth facts sufficient to constitute an equitable counterclaim against plaintiff. (*New York Trust Co.* v. *American Realty Co.*, 215 App. Div. 416; affd., 244 N. Y. 209.)

We also think that defendant, appellant, was justified, under the provisions of section 271 of the Civil Practice Act, in joining the additional parties defendant to the action. Defendant, appellant, contends that she signed the contract as the result of wrongful acts of the new parties in conspiracy with her husband, Abraham Wolfe. Plaintiff in this action is seeking to enforce said contract. As the result of the wrongful acts perpetrated upon her the defendant, appellant, demands in her answer that said contract be declared null and void, and that affirmative judgment be granted her against the new parties. If the defendant, appellant, is able to sustain her allegations she will be entitled to affirmative judgment against the new parties to the action. We think there is no doubt that the allegations in the counterclaim interposed by defendant, appellant, raised a question between her and the plaintiff along with the new parties brought in.

The order appealed from should be, in all things, reversed, with ten dollars costs and disbursements, and plaintiff's motion denied, with ten dollars costs, with leave to the plaintiff to reply within twenty days upon payment of said costs.

Finch, P. J., McAvoy, Martin and Sherman, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the plaintiff to reply within twenty days from service of order upon payment of said costs.