LAND FINANCE CORPORATION, Plaintiff, v. FRANK GIORGIO, JR., Trustee in Bankruptcy of NOX REALTY CORPORATION (MORRIS STADLER, Assignee), Respondent, and MEYER BLUMBERG, Appellant.— Appellant appeals from an order, dated November 13, 1934, on reargument, denying a motion to confirm a referee's report in a surplus money proceeding, and directing a distribution of such surplus moneys. Order unanimously affirmed, with costs. No opinion. Appeal from order, dated July 12, 1934, dismissed. Present — Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ.

EMANUEL LIEBERMAN, Plaintiff, v. SAMSON REALTY CORPORATION and Others, Defendants. In the Matter of the Application of ANNA SCHRAUT, Appellant, for Permission to Sue DAVID LIEBERMAN, as Receiver of Premises No. 1520 Ocean Avenue, Brooklyn, New York, Respondent.— Order denying motion for permission to sue a receiver in a foreclosure action, for an alleged assault committed by an apartment house superintendent employed by the receiver, affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Carswell, Scudder, Tompkins and Davis, JJ., concur.

DANIEL MAY, Executor, etc., of CAROLINE MAY, Also Known as KAROLINE MAJ, Deceased, Respondent, v. UNION DIME SAVINGS BANK, Appellant.— Order and summary judgment entered thereon unanimously affirmed, with ten dollars costs and disbursements. We are of the opinion that the entry on November 6, 1914, in the pass book issued by defendant to plaintiff's testatrix, crediting accrued interest on the account to July 1, 1914, constitutes a deposit and renders the account active and entitles plaintiff to the accrued interest sued for within the meaning of defendant's by-laws, which provide that " all accounts to which no deposit * * * shall have been made for twenty years in succession, shall be closed, nor shall the amount deposited, nor the interest that has accrued thereon, draw any interest thereafter." The statute (Banking Law, § 274), enacted subsequently to the opening of the account is merely declaratory of pre-existing law. Present — Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ.

HERMINE MOSCOWITZ, Respondent, v. HERMAN H. MOSCOWITZ, Appellant.— Order of January 18, 1935, as resettled by the order of February 14, 1935, modifying the final decree of separation by awarding plaintiff forty dollars a month, to be applied to the support and maintenance of the children, in addition to the fifty dollars a month alimony provided therein, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.