JAMES F. WHARTON, as Administrator, etc., of ROBERT K. WHARTON, Deceased, Appellant, v. POUGHKEEPSIE SAVINGS BANK, Respondent, and MORRIS S. TREMAINE, as Comptroller of the State of New York, Defendant.*

Third Department, November 12, 1941.

*Borden H. Mills*, for the appellant.

*Earl Hawley*, for the respondent.

*John J. Bennett, Jr., Attorney-General*, for the defendant Morris S. Tremaine, as Comptroller of the State of New York.

CRAPSER, J. This action was brought to recover dividends accruing upon a bank deposit in the name of plaintiff's intestate in the defendant bank which deposit on July 1, 1890, amounted to $1,027.72 and which sum on December 10, 1937, was paid over pursuant to section 274-a, now section 257, of the Banking Law to the Comptroller and by said Comptroller accounted for to the plaintiff, said unpaid dividends being alleged to amount to $6,920.33.

A motion was granted for summary judgment in the matter and the order and judgment were entered from which the appeal is taken.

In April, 1864, Robert K. Wharton opened an account with the defendant with an initial deposit of $275. No further deposits or withdrawals have been made since that date. The only evidence of the transaction is in the bank book which has continued to remain in the possession of the bank and a deposit register. An entry in this register, under date of April 9, 1864, shows the following: " Account number, 7702; Depositor's name, Robert Wharton; Amount deposited, $275; Residence, U. S. Volunteer; Reference, Wm. S. Johnson, who came with him." No signature of the depositor is contained in the records of the bank.

Interest and dividends continued to be credited by the bank to Wharton's account until 1890. From time to time they were entered in the bank book up to July 1, 1890. There were never any deposits except those credited in the bank book by the bank and there were never any withdrawals. A copy of the by-laws was contained in the bank book which remained in the bank's possession.

A bank depositor is one who delivers to or leaves with a bank money subject to his order. (Newmark, Bank Deposits, § 12; *Anheuser-Busch Brewing Assn.* v. *Clayton*, 56 Fed. 761.) This definition assumes that the depositor at some time had the money in his possession. None of these dividends which were credited on the deposit book herein was ever in his hands or possession.

The bank was organized by a public act of the Legislature. (Laws of 1831, chap. 134.) Section 6 of said act provides as follows: " The said corporation shall receive as deposits all sums

of money that may be offered for that purpose, in such sums and on such terms as are allowed by this act, for the purpose of being invested in any public stock, created under and by virtue of any law of the United States, or of the State of New York, or of any other of the United States, or of being loaned out upon bond and mortgage on real estate of double the value of the sum loaned; and such deposits shall be repaid to each depositor when required, at such times, and with such interest, and under such regulations as the board of. managers shall from time to time prescribe; which regulations shall be put up in some public and conspicuous place in the room where the business of the said corporation shall be transacted, and shall not be altered so as to affect anyone who may have been a depositor previous to such alteration, until after personal notice thereof."

The by-law in question was adopted in 1857. It provided as follows:

" Article X. All accounts to which no deposit and on which no draft shall be made for twenty years in succession, shall be closed, and neither such deposits, nor the interest which shall have accrued thereon, shall draw any interest, after the expiration of twenty years from the time of the last deposit or draft.

" Article XI. The Trustees may at any time make such other regulations or alterations in those previously made, as may be deemed necessary, and shall be equally binding as those subscribed to, after the same shall be made known."

The plaintiff's intestate became a depositor in 1864. None of his pre-existing rights were affected by the by-laws of 1857. He had no rights at that time. The charter provision, protecting existing depositors against changes in the regulations, until personal notice, did not apply to him.

Necessarily, Wharton's rights and obligations under the deposit were defined by the charter of the bank and the by-laws in force at the time of his deposit. He knew that in making a deposit he was entering into contractual relations with the bank. The terms of the contract are the provisions of the charter and the by-laws. (*Ferguson* v. *Harlem Savings Bank*, 43 Misc. 10.)

The appellant relies upon the case of *May* v. *Union Dime Savings Bank* (243 App. Div. 815), which is a memorandum decision and which holds that an entry in a pass book issued by the defendant to the plaintiff's testatrix, crediting accrued interest on the account to July 1, 1914, constitutes a deposit and renders the account active and entitles plaintiff to the accrued interest.

It is necessary to make an examination of the papers on appeal to understand the *May* case. In that case the bank book was in

the possession of the depositor and was taken to the bank for the credit of interest. This was done several times and withdrawals were made so that the *May* case is not an authority for the reversal of the judgment in this case.

Under the terms of the contract, which are the charter and by-laws, the by-laws being contained in the bank book issued on the opening of the bank account and which remained in the custody of the bank, constituted the contract. The plaintiff's intestate is presumed to have known of the by-laws although the record fails to show that he signed them. They were contained in his book. Any money that he deposited in the bank he deposited subject to the by-laws and the charter of the bank.

The bank was clearly within its rights under its charter and the by-laws to discontinue interest on the account and the order and judgment appealed from should be affirmed, with costs.

HILL, P. J., BLISS and FOSTER, JJ., concur.

HEFFERNAN, J., dissents: I am convinced that this account did not become dormant until July 1, 1910, and that consequently plaintiff was entitled to summary judgment for $1,189.40. A similar question was involved in *May* v. *Union Dime Savings Bank* (243 App. Div. 815). The only distinction between the *May* case and the case before us is that in the *May* case the depositor himself presented the pass book and had the interest credited. Here the bank had possession of the pass book and actually credited the interest and dividends itself. A dividend entered on a pass book is just as much a deposit as if the depositor had actually drawn his dividends and immediately redeposited them with the bank.

Order and judgment affirmed, with costs.