OPINION OF THE COURT
Herbert Kramer, J.
Is a bank responsible for funds withdrawn from the bank by the depositor in person while under duress in the course • of a kidnap-robbery?
FACTS
The plaintiff testified that while walking to a subway station, she was accosted by a stranger who upon the pretext of asking for directions forced her into a vehicle. That vehicle proceeded to the defendant’s bank and the plaintiff was forced under knifepoint to withdraw $1,000 from her account.
The bank pursuant to its internal policy required in addition to a signature on the withdrawal form, certain information including her father’s name, mother’s name, and her date of birth. The depositor subtracted six years from her date of birth and testified that it was done to call the bank’s attention to some difficulty. The bank however disregarded this discrepancy and paid out the funds to the plaintiff who thereupon gave it to the robbers and kidnappers.
The teller did not remember the transaction but testified as to custom and usage. She indicated that it was the *464 bank’s position that it would pay out on any valid signature. The teller testified that nothing untoward happened while the customer was at the teller’s window. It appeared that the robbers were somewhere in the back of the bank during the period of the transaction. The court concludes that the bank was not put on notice by the physical events other than the withdrawal slip.
The defendant argues that the failure to observe its own criteria is irrelevant so long as the defendant paid the money to the correct depositor, and that the identification criteria are set up to assure identity of the withdrawer and the depositor, and are not for the purpose of preventing a withdrawal under duress.
The court holds that the bank is both responsible in negligence and under the Uniform Commercial Code for the failure of its teller to discover and question the deliberate discrepancy in the biographical data furnished by the depositor under the circumstances at bar.
The Uniform Commercial Code which generally governs commercial transactions accords duress pre-eminent status available even as against a holder in due course. (Uniform Commercial Code, § 3-305, subd [2], par [b]; cf. § 3-207.)
Subdivision (1) of section 3-404 of the Uniform Commercial Code provides that: “Any unauthorized signature is wholly inoperative as that of the person whose name is signed unless he ratifies it or is precluded from denying it; but it operates as the signature of the unauthorized signer in favor of any person who in good faith pays the instrument or takes it for value.” (Emphasis added.)
Subdivision (43) of section 1-201 of the Uniform Commercial Code provides: “ ‘Unauthorized’ signature or indorsement means one made without actual, implied or apparent authority and includes a forgery.”
This court holds that a signature made under duress is such an unauthorized signature, and that the bank’s failure to follow its own procedures demonstrates a lack of good faith.
The Uniform Commercial Code does not require exoneration of a bank from liability under the provisions above, *465 nor can this court discover any other provisions of the Uniform Commercial Code which would preclude applying general principles of tort law to the fact pattern at bar (Uniform Commercial Code, § 1-103).
There is no issue that the acts which induced the signature constituted duress. The cases in this State are in agreement that as between the parties to the duress the agreement or other contract is invalid. (Adams v Irving Nat. Bank, 116 NY 606.)
Where a signature to an instrument is obtained by duress, the obligation is void and unenforceable as between the immediate parties and even as against a holder in due course. (Uniform Commercial Code, § 3-305, subd [2], par [b]; Osborn v Robbins, 36 NY 365; Galloway v Wolfe, 232 App Div 163.) Comment 6 to section 3-305 of the Uniform Commercial Code specifies: “Duress is a matter of degree. An instrument signed at the point of a gun is void, even in the hands of a holder in due course.”
The court adopts this view and rejects the contention of the bank that it is free from liability to a depositor for the withdrawal under duress.
Viewing this from a torts perspective the result is similar. The bank’s action in not further exploring the discrepancy in date of birth is negligence, in contravention of the bank’s own procedures.
The court finds that the plaintiff was not required to have acted nonnegligently as she acted under duress. A duty of due care under the circumstances is required of the bank under New York law (Kalb v Chemical Bank N. Y. Trust Co., 62 Misc 2d 458; Novak v Greater N. Y. Sav. Bank, 30 NY2d 136).
This court concludes that the bank failed in its obligation to the depositor both under the Uniform Commercial Code and under the law of negligence.
Verdict for the plaintiff in the sum of $1,000.