James S. Brown, J.
This action in equity involving the ownership of three savings bank accounts was brought by Martin P. Geller, as administrator of the estate of his wife Ann Geller, against his wife’s brother Morris Levitt and seeks a decree that the estate of the deceased is the rightful owner of the funds deposited in said accounts. Morris Levitt interposed an answer in the form of general denial with a counter *565 claim demanding that he be adjudicated the owner of these accounts. The three savings banks, viz., Emigrant, Bowery and Williamsburgh, are also parties defendant and interposed answers as stakeholders.
On January 29,1943, while she was in her forties, Ann Levitt married Martin P. Greller. She died intestate on January 9, 1959 and on January 26, 1959 he was appointed administrator of her estate. On January 15, 1959, while he was inquiring about a bank account of hers in the Fulton Savings Bank (which is not one of the accounts in question), he learned from a teller that she also had a safe-deposit box in the Fulton Savings Bank. He testified that he had never heard about that box during her lifetime and was never able to find the keys thereto among her effects. On January 16,1959, after getting the usual Surrogate’s Court order and arranging for the presence of the representative of the State Tax Commission, the box was opened without the keys and by force. It was then found that the sole contents were the three books of the savings bank accounts in question, each in the name of Morris Levitt alone. The existence of these books was mentioned for the first time by Morris Levitt and a demand for their possession was made by him, a short time after his sister’s death, when he was consulting with the attorney for the administrator in reference to money he had advanced for funeral expenses.
Plaintiff contends that the presence of the books in the deposit box constitutes evidence of title in the deceased and raises the presumption that she was the owner of the funds represented by the books. That may be so but the preponderance of credible evidence in this case establishes that the brother is the owner of the books and funds represented by them and successfully rebuts the presumption. In Myers v. Albany Savings Bank (57 N. Y. S. 2d 448, 449, affd. 270 App. Div. 466, affd. 296 N. Y. 562) the following fundamental principles were stated:
(1) The passbook is not negotiable and its possession does not constitute proof of right to withdraw moneys thereon; it only imports a liability of the bank to the depositor and an agreement to repay at such time and in such manner as he shall direct. (Smith v. Brooklyn Sav. Bank, 101 N. Y. 58; Mills v. Albany Exchange Sav. Bank, 28 Misc. 251.)
(2) If a third person has the passbook, with or without an assignment, the defendant is protected in paying the plaintiff the amount of her account until the third person presents the passbook with an assignment bearing the signature of the *566 plaintiff. (Gibraltar Realty Corp. v. Mt. Vernon Trust Co., 276 N. Y. 353.)
The proof submitted as to the source of the moneys in all three accounts leaves no doubt whatsoever about their ownership. There is no dispute that on February 25, 1942 Morris Levitt transferred to his sister three accounts in these same banks which had been in his name. They remained in the sister’s name for 16 months until June 16, 1943, some four and one-half months after her marriage, when she transferred all three back to him. They have remained in his name ever since. The safe-deposit box was not opened until 1955. How long these books remained in the safe-deposit box is not known. Morris Levitt could not testify by reason of section 347 of the Civil Practice Act. However, it is a fact that they were in the brother’s name continuously for over 16 years from June, 1943 on.
In addition, the transcripts of these accounts introduced into evidence reveal their respective origins before February 25, 1942. The devolution of the account in the Emigrant Savings Bank is as follows: On April 26, 1934 Morris Levitt opened account No. 1,332,082 in his own name in the Bowery Savings Bank at 130 Bowery. On January 12, 1942, when the balance in that account was $3,978.09, that account was closed by a check of the bank to the order of Morris Levitt and the indorsements thereon show it was deposited on the same day in an account in his name in the Emigrant Savings Bank. On November 22, 1937 Morris Levitt opened an account in the Dry Dock Savings Bank and on January 12,1942, when the balance therein was $820.20, that account was also closed by check of the Dry Dock Savings Bank to the order of Morris Levitt, and the indorsements on that check show that it also was deposited in his account in the Emigrant Bank. Those two checks of the Bowery Savings Bank and Dry Dock Savings Bank totaled $4,798.29. The initial deposit in the new account in the Emigrant Savings Bank totaled $4,907.39. The difference is $109.10. Counsel for the plaintiff points out that there is no explanation of that discrepancy, although she objected under section 347 of the Civil Practice Act, as was her right, to any testimony by Morris Levitt to explain it. In any event, the difference of $109.10 has very little significance. The important fact is that the $4,798.29 was readily traced into the Emigrant Savings Bank.
The second account was in the Bowery Savings Bank. The source of those moneys is just as obvious. Photostats of records of the Citizens Savings Bank, now the Manhattan Savings Bank, show that on May 13, 1930 Morris Levitt *567 opened an account there and on February 19, 1942, when the balance was $3,269.21, that account was closed by a check of that bank drawn to the order of Morris Levitt which was deposited that same day in the Bowery Savings Bank. The transcript of the account in the Bowery Savings Bank in the name of Morris Levitt shows that on February 19, 1942 there was an initial deposit of $4,019.06 which obviously included the afore-mentioned check of $3,269.21.
The source of the moneys in the third account, the one in the Williamsburgh Savings Bank, was also clear. Morris Levitt had an old account, No. 1,082,468, in the Dime Savings Bank of Brooklyn, the old records of which have been partially destroyed. This Dime account was opened on May 15, 1939 and closed on February 5, 1942 by a check of the bank to the order of Morris Levitt for $2,671.20. The records of the Williamsburgh Savings Bank show that Morris Levitt opened an account there on January 28, 1942 with a deposit of $210 and on February 5, 1942 another deposit was made therein in the sum of $2,671.20, showing that the proceeds of the aforementioned Dime Savings Bank account of Morris Levitt were transferred on February 5, 1942 to his account in the Williamsburgh Savings Bank.
It might be noted in passing that during the trial the defendant produced the keys to the safe-deposit box and that the plaintiff produced no evidence whatsoever that the deceased sister had any claim to or interest in any of the three accounts.
The court, therefore, finds that the bankbook of account No. 395,670 in the name of Morris Levitt in the Emigrant Industrial Savings Bank of 5 E. 42nd Street, New York, New York and the bankbook of account No. 556,581 in the name of Morris Levitt in the Bowery Savings Bank, 110 E. 42nd Street, New York, New York and the bankbook of account No. 211,589 in the name of Morris Levitt in the Williamsburgh Savings Bank, 1 Hanson Place, Brooklyn, New York, were and are the property of the defendant Morris Levitt; said Morris Levitt is the rightful owner of the funds deposited in those accounts and is entitled to possession of said books.
The complaint therefore is dismissed and defendant Morris Levitt is awarded judgment as prayed for in his counterclaim.
The plaintiff is ordered and directed to deliver the bankbooks to the defendant Morris Levitt. The Emigrant Industrial Savings Bank is directed to pay the funds deposited in account No. 395,670 to defendant Morris Levitt upon demand and upon presentation of the bankbook. The defendant Bowery Savings Bank is directed to pay the funds deposited in account No. *568 556,581 to defendant Morris Levitt upon demand and upon presentation of the bankbook. The defendant Williamsburgh Savings Bank is directed to pay the funds deposited in account No. 211,589 to defendant Morris Levitt upon demand and upon presentation of the bankbook.
No costs are allowed to the defendant Morris Levitt because it was his action in allowing the three bankbooks to remain in his sister’s safe-deposit box that caused this litigation. No costs are awarded to the other defendants.